THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES W. HAMILTON, Appellant.— Judgment of conviction of the County Court of Queens county unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. B. L. McFADDEN, INC., and BENJAMIN L. McFADDEN, Respondents.— Order denying plaintiff's motion for an injunction *pendente lite* restraining the defendants from advertising or selling securities in violation of article 23-A of the General Business Law reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, to the extent of restraining defendants from issuing or distributing letters or other literature utilizing the names of the publications " Physical Culture," " True Story," or any other publications of the MacFadden Publications, Inc., as an inducement to prospective purchasers to buy stock in the corporate defendant, and requiring that in all such literature as is used it be conspicuously stated that defendant B. L. McFadden, Inc., and the management thereof are in no way connected with the corporation known as MacFadden Publications, Inc., the publisher of " Physical Culture," " True Story," or with any other publications generally known to be published by MacFadden Publications, Inc., which publications may be named in the order. The record herein, particularly the exhibit attached to the complaint, discloses that the defendants are unfairly seeking to capitalize the success of the older concern, MacFadden Publications, Inc., and its magazines, " Physical Culture " and " True Story," and that the methods by which this is sought to be done tend to confuse the public mind with respect to the connection of the old concern and its magazines with this new unrelated concern with a similar name and its new magazine. While the keen and astute might not be misled, the casual average reader might readily be misled into investing his money under a misapprehension. It is the unwary of this latter type that the statute is designed to protect. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur. Settle order on notice.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CONRAD WROLDSEN, Appellant.— Judgment of conviction by a city magistrate, sitting as a Court of Special Sessions, modified by reducing the sentence to the period already served, and as so modified unanimously affirmed. The trial court was without power to grant the motion of defendant to withdraw the plea of guilt and substitute a plea of not guilty after judgment imposing sentence. However, since the court imposed sentence without having an investigation made during the course of which it might have been apprised of the misapprehension and confusion of the defendant and of facts casting reasonable doubt upon his guilt and having those matters reflect themselves in the sentence, this court deems that the interests of substantial justice will be served by modifying the sentence, although ordinarily it would not disturb the sentence imposed, which was not excessive if there were no doubt as to the guilt of the defendant. Appeal from order dismissed, without costs. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.